686 A.2d 1352

**Jennifer Lynn DRISSEL, Appellant,**

**v.**

**David W. DRISSEL, Jr., Appellee.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 1996.

Filed Dec. 31, 1996.

Timothy O. Nolen, Blue Bell, for appellant.

Lawrence F. Flick, Norristown, for appellee.

Before DEL SOLE, BECK and POPOVICH, JJ.

DEL SOLE, Judge:

Husband David W. Drissel and Wife Jennifer Lynn Drissel were divorced in May 1994. The divorce decree incorporated by reference a property settlement executed by the parties in March 1994. Subsequently, Wife filed a Petition for Contempt for Violation of the Property Settlement Agreement. Following a hearing, Husband was found partially in contempt in May 1995, however, sanctions were not imposed. Husband filed "Exceptions" to the May 1995 Order and Wife filed "Cross Exceptions." The exceptions and cross-exceptions were dismissed on January 5, 1996 pursuant to Pennsyl-

vania Rule of Civil Procedure 1920.52, 42 Pa.C.S.[1] Husband filed an appeal to this court from the January 1996 Order dismissing the exceptions and cross-exceptions and Wife filed a cross-appeal. In an interesting twist of events, both Husband and Wife now concede that the trial court properly dismissed their exceptions and cross-exceptions. We quash the appeal.

■ As a general rule, post-trial motions may not be filed from a claim involving enforcement of marital agreements. Pennsylvania Rule of Civil Procedure 1920.52 provides: "In claims involving (1) marital property, (2) enforcement of marital agreements, (3) alimony, or (4) a contested action of divorce, or annulment, the order of the trial judge shall state the reasons therefor. No motion for post-trial relief may be filed to any order enumerated in this subdivision." 42 Pa.C.S. § 1920.52. Accordingly, the lower court correctly dismissed the exceptions and cross-exceptions.

Appeal quashed.

---

1. The lower court opinion incorrectly suggests that the parties should have appealed to this court from the May 1995 Partial Contempt Order. However, that Order, which did not impose sanctions against Husband, was not a final order and therefore not appealable. In a contempt proceeding, the final order is the order which finds the respondent in contempt and imposes sanctions. *Sonder v. Sonder*, 378 Pa.Super. 474, 549 A.2d 155 (1988).